**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4166
_____

UNITED STATES OF AMERICA

v.

JESUS ARREOLA-ARIZA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5-12-cr-00310-001)
District Judge:  Honorable James Knoll Gardner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2013
_____

Before:  CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: August 4, 2014)

_____

OPINION
_____

CHAGARES, Circuit Judge.

        Defendant Jesus Arreola-Ariza pled guilty to one count of unlawful re-entry after

deportation and was sentenced to fifty-seven months of imprisonment, three years of

supervised release, a $1,000 fine, and a $100 special assessment.  He appears before this

Court to challenge the imposition of the fine as procedurally and substantively unreasonable. For the reasons explained below, we will affirm.

I.

We write primarily for the benefit of the parties, and therefore will recite only those facts necessary to our disposition. Arreola-Ariza is a Mexican national who entered the United States at age thirteen. He remained in the country and supported himself as a migrant worker, landscaper, and factory worker for over a decade. In 2009, he was arrested in North Carolina on drug and weapons charges. Arreola-Ariza pled guilty and was sentenced the following year in the United States District Court for the Eastern District of North Carolina. He was deported to Mexico on December 16, 2010.

At some point between his deportation and March 12, 2012, Arreola-Ariza re-entered the United States. On that date, he was arrested in Lancaster County, Pennsylvania for possession of one pound of marijuana. Immigration officials subsequently filed a Reinstatement of Prior Order of Removal against Arreola-Ariza based on his illegal re-entry into the country. After Arreola-Ariza had pled guilty to possession of a controlled substance with intent to deliver and been sentenced in the Court of Common Pleas of Lancaster Country, he was transferred to Immigration and Customs Enforcement custody on May 28, 2012. On June 21, 2012, he was indicted on a single charge of unlawful re-entry in violation of 8 U.S.C. § 1326.

Arreola-Ariza entered a guilty plea before the District Court. At his sentencing, the District Court imposed a fifty-seven-month term of imprisonment and a three-year term of supervised release based on Arreola-Ariza's advisory United States Sentencing

2

Guidelines range of fifty-seven to seventy-one months. Relevant to the instant appeal, the District Court also imposed a $1,000 fine.

The Presentence Investigation Report ("PSR") indicated that Arreola-Ariza did "not have the ability to pay a fine within the advisory guideline range." PSR ¶ 61. It also noted that "payment on a fine or restitution can commence through the Bureau of Prisons Inmate Financial Responsibility Program. An inmate participating in this program will be able to contribute half of monthly prison work earnings . . . toward any immediately due fine or restitution." PSR ¶ 63. Citing Arreola-Ariza's inability to pay a fine within the advisory Guidelines range, the District Court imposed a below-Guidelines fine of $1,000 and recommended that Arreola-Ariza participate in the Bureau of Prisons' inmate financial responsibility program. The District Court also stated that Arreola-Ariza "shall pay the fine in installments while in prison at the rate of $12.50 monthly, payable under the Federal Bureau of Prison's [sic] inmate financial responsibility plan." Appendix ("App.") 70.

Clarifying the reasons behind the decision to impose the fine, the District Court explained that the inmate financial responsibility program is a prison work program that trains inmates in manufacturing jobs and pays participants twenty-five dollars per month. The District Court further noted that "unless there is a restitution order as part of the sentence or a fine ordered and directed as part of the sentence, the defendant is not eligible for this work program. And so in part I imposed the modest fine to make the defendant eligible . . . because this program can better the defendant and make it easier

3

for him as a convicted felon . . . to obtain legitimate employment on the outside." App. 78.

According to Arreola-Ariza, the Bureau of Prisons' inmate financial responsibility program that the District Court referred to does not in fact provide inmates with any vocational training. He suggests that the only program in prison that offers manufacturing training of the kind described by the District Court is Federal Prison Industries, also known as UNICOR. As a prisoner subject to an order of removal, though, he is ineligible to participate in UNICOR regardless of any restitution or fine included as a part of his sentence. 28 C.F.R. § 345.35(a). He argues, therefore, that the District Court's statements show that his $1,000 fine was based on a clearly erroneous factual conclusion about the effect that the fine would have on his ability to receive vocational training while in prison, and urges us to vacate his sentence on that ground.

## II.[1]

Arreola-Ariza failed to object to the District Court's rationale for the fine imposed during his sentencing, and so we review for plain error.[2] U.S. v. Vazquez-Lebron, 582 F.3d 443, 445 (3d Cir. 2009). To apply this standard of review, we must determine whether the District Court made an error, whether that error was plain, and whether it

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over the appeal under 28 U.S.C. § 1291.

[2] Arreola-Ariza suggests that counsel may have preserved the issue by observing in Arreola-Ariza's sentencing memorandum that "as an illegal alein [sic]" he would "not necessarily receive any education or vocational training" in prison. App. 32. He did not, however, object at sentencing when the District Court pronounced the amount of the fine or when the District Court discussed the reasons supporting the fine. The error was therefore not preserved.

4

affected substantial rights. United States v. Miller, 527 F.3d 54, 70 (3d Cir. 2008). If these three conditions are met, then we may exercise our discretion under Rule 52(b) of the Federal Rules of Criminal Procedure to provide relief, but only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted) (alterations in original).

Assuming that the first three prongs of this standard are met, we find that this is not a case that would justify the exercise of our discretion to provide relief. As the Supreme Court has noted, "Rule 52(b) is permissive, not mandatory." United States v. Olano, 507 U.S. 725, 735 (1993). The discretion that Rule 52(b) confers should "be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." United States v. Young, 470 U.S. 1, 15 (1985) (quotation marks omitted). Any "unwarranted extension of this exacting definition of plain error would skew the Rule's careful balancing" of the need to encourage vigilance on the part of defendants "against our insistence that obvious injustice be promptly redressed." Id. (quotation marks omitted). "[A] reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal," given the reality that "errors are a constant in the trial process" and that most of these errors "do not much matter." Puckett v. United States, 556 U.S. 129, 134 (2009).

The only injury that Arreola-Ariza complains of is the imposition of a $1,000 fine based on a mistaken understanding of the effect of the fine. Even if that is the case, though, the District Court did understand that the training opportunities from which he hoped Arreola-Ariza might benefit were available at the discretion of the Bureau of

5

Prisons.  App. 77.  Additionally, he stated that those possible opportunities were only "part" of the basis for the below-Guidelines fine that he imposed.  App. 78.  Moreover, Arreola-Ariza admits that he is required to participate in the Bureau's inmate financial responsibility program, and this provides him with an opportunity to obtain income to pay the fine.  Arreola-Ariza Br. 19.  The imposition of the fine in this case does not constitute a miscarriage of justice, and so we decline to exercise our authority to provide relief.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.